CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 16 2012
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOE FITZGERALD, JR., | ) CASE NO. 5:11CV00066 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) By: B. Waugh Crigler |
| Defendant. | ) U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's May 5, 2008 protectively-filed application for a period of disability, disability insurance benefits, and his May 5, 2008 application for supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on March 10, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since May 5, 2006, his alleged disability onset date, and that he remained insured through December 31, 2011. (R. 17.) The Law Judge found that plaintiff suffered the following severe impairments: degenerative disc

disease of the lumbar spine and right shoulder problems. (*Id.*) The Law Judge determined that plaintiff did not have an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 26.) The Law Judge opined that plaintiff retained the residual functional capacity ("RFC") to perform sedentary[1] work with the additional limitations of no overhead lifting, no overhead reaching with the right arm, and occasional postural activities including climbing, balancing, stooping, kneeling, crouching, and crawling. (*Id.*) The Law Judge further found that plaintiff required the option to work while seated or standing, as long as on task, and that he was limited to only simple, unskilled work. (*Id.*) The Law Judge determined that this RFC precluded plaintiff from performing his past relevant work[2], but by reference to the Medical-Vocational Guidelines ("grids")[3] and to testimony of a vocational expert ("VE"), he determined that other jobs exist in substantial numbers in the national economy that plaintiff could perform. (R. 29-31.) Thus, the Law Judge ultimately determined that plaintiff was not disabled under the Act. (R. 31.)

Plaintiff appealed the Law Judge's March 10, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to

---

[1] "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. §§ 404.1567(a), 416.967(a).
[2] The Law Judge found that plaintiff's past relevant work included the following: plumber, laborer, line leader, polisher, and welder. (R. 30.)
[3] The grids, located at 20 C.F.R. Part 404, Subpart P, Appendix 2, are tables "'that indicate the proper disability determinations for various combinations of age, education, and previous work experience in conjunction with the individual's residual functional capacity, *i.e.,* his maximum capacity for sustained performance of the physical and mental requirements of the job.'" *Christmas v. Astrue,* 2010 WL 1027492, *3 n. 4 (W.D.Va. March 17, 2010) (quoting *Hall v. Harris,* 658 F.2d 260, 265 (4th Cir. 1981)).

2

review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge failed to accord proper weight to his primary treating physician, Kimberly Cheek, M.D. (Pl's Brief, pp. 3-7.) The undersigned disagrees and finds that the Law Judge's decision to accord less than controlling weight to Dr. Cheek is supported by substantial evidence.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

3

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589.

The record reveals plaintiff saw Dr. Cheek, a specialist in internal medicine, for the first time on November 13, 2007. (R. 405.) The physician completed a functional capacity questionnaire and mental status examination on December 4, 2009. (R. 730-737.) The physician noted that she began seeing plaintiff in November 2007, and that she had been seeing him about every three months since that time. (R. 730.) Dr. Cheek diagnosed plaintiff as suffering the following: low back pain, hypertension, diabetes, hyperlipidemia, and depression. (*Id.*) She opined that emotional factors contributed to the severity of his symptoms and functional limitations. (R. 731.) Specifically, the physician reported that plaintiff suffered depression, anxiety, and other psychological factors affecting his physical condition. (*Id.*) However, she also found that he was mentally within normal limits and was not taking any psychiatric medications. (R. 736.) Dr. Cheek noted that stress caused plaintiff to lose his temper and worsened his pain, but she believed he was capable of performing low stress jobs. (R. 731.) The physician opined that plaintiff's pain or other limitations were severe enough to interfere with his attention and concentration frequently. (*Id.*) She further believed plaintiff could walk without rest or severe pain for only ½ of a city block, he could sit at one time for only fifteen minutes,

4

and he could stand at one time for only twenty minutes. (R. 731-732.) Dr. Cheek further opined that he could sit for at least six hours in an eight-hour workday and could stand/walk for about two hours in an eight-hour workday. (R. 732.) She believed he needed a job which would permit him to shift positions at will from sitting, standing or walking, and that he could frequently lift and carry less than ten pounds, occasionally lift and carry ten pounds, rarely lift and carry twenty pounds, and never lift and carry fifty pounds. (*Id.*) Dr. Cheek found that plaintiff could rarely look down (sustained flexion of the neck), could occasionally turn his head to the right or left, could rarely look up, and could frequently hold his heard in a static position. (R. 733.) She further reported that he could twist, stoop (bend), and climb stairs rarely, and that he never could crouch/squat or climb ladders. (*Id.*) Finally, Dr. Cheek opined that plaintiff had significant limitations with reaching, handling, or fingering; his impairments were likely to cause him to experience "good days" and "bad days"; and he could be expected to be absent from work on an average of about four days a month. (*Id.*)

The Law Judge addressed Dr. Cheek's December 4, 2009 assessment and determined that it was entitled to "limited weight." (R. 29.) Specifically, he found that it was internally inconsistent and contained limitations not supported by other objective medical evidence in the record. (*Id.*) For instance, although Dr. Cheek opined that plaintiff's impairments were severe enough to cause him to be absent from work on an average of about four days a month, Dr. Cheek acknowledged on May 29, 2009 that she had not been seen him in over six months. (R. 513.) The Law Judge also found that many of the limitations contained in Dr. Cheek's assessment were included in his RFC finding. (R. 29.) For example, the Law Judge limited plaintiff to sedentary work with a sit/stand option. (R. 26.)

5

The undersigned believes the Law Judge's determination that Dr. Cheek's December 4, 2009 assessment was entitled to only "limited weight" is supported by substantial evidence. The evidence from the State agency record reviewing physicians does not support a finding that plaintiff is disabled. State agency record reviewing physician Juan Astruc, M.D. evaluated plaintiff's medical records on July 25, 2008. (R. 451-457.) As of that date, the physician opined that plaintiff could occasionally lift and/or carry (including upward pulling) fifty pounds and frequently lift and/or carry (including upward pulling) twenty-five pounds. (R. 452.) The physician further opined that plaintiff could stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday and sit (with normal breaks) for a total of about six hours in an eight-hour workday. (*Id.*) Dr. Astruc found plaintiff's ability to push and/or pull (including operation of hand/foot controls) was unlimited, other than any limitations on his ability to lift and/or carry. (*Id.*) The physician also found that plaintiff suffered no postural, manipulative, visual, communicative, or environmental limitations. (R. 453-454.)

A second State agency record reviewing physician, William Amos, M.D., determined on January 27, 2009 that plaintiff could occasionally lift and/or carry (including upward pulling) twenty pounds and frequently lift and/or carry (including upward pulling) ten pounds. (R. 482.) The physician further determined that plaintiff could stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday and sit (with normal breaks) for a total of about six hours in an eight-hour workday. (*Id.*) Dr. Amos found that plaintiff's ability to push and/or pull (including operation of hand/foot controls) was unlimited, other than any limitations on his ability to lift and/or carry. (*Id.*) The physician opined that plaintiff had no postural, manipulative, visual, communicative, or environmental limitations. (R. 483-484.) Finally, Dr.

Amos noted that plaintiff's treatment for degenerative disc disease essentially had been routine and conservative in nature, and that plaintiff had not been compliant in taking his prescribed medications. (R. 487.)

Dr. Cheek's assessment also is inconsistent with the September 24, 2009 office note from Matthew Pollard, M.D., an orthopedist. (R. 534-535.) Dr. Pollard found that plaintiff's lumbar spine range of motion was normal, and the straight leg raising test was negative on the left and right side. (R. 535.) The orthopedist diagnosed plaintiff with chronic low back pain and recommended he undergo additional testing to determine whether he was a surgical candidate. (*Id.*) Plaintiff expressed to Dr. Pollard that he was not interested in further testing, and he was also not interested in physical therapy or non-narcotic pain medications[4]. (*Id.*) The orthopedist concluded there was nothing more that he could do for plaintiff. (*Id.*) This evidence further provides support for the Law Judge decision to given less than controlling weight to Dr. Cheek's assessment.

Plaintiff next contends that the Commissioner failed to discharge his burden at the final level of the sequential evaluation. (Pl's Brief, pp. 7-10.) Plaintiff asserts that there was a conflict between the testimony offered by the VE and certain applicable provisions of the Dictionary of Occupational Titles ("DOT"). (Pl's Brief, p. 7.) Specifically, plaintiff argues that the jobs identified by the VE as being available to him were beyond the requirements set forth in the DOT. (Pl's Brief, pp. 8-10.)

---

[4]The record reveals that plaintiff has a history of drug abuse and that his treating sources declined to treat him with narcotics for this reason. (R. 405.)

7

Social Security Ruling ("SSR")[5] 00-4p acknowledges that, while the DOT may be used as a reference to ascertain requirements for jobs in the national economy, there may be cases where there are conflicts between the DOT and vocational testimony. SSR 00-4p, 2000 WL 1898704, at *2 (December 4, 2000). In that regard, SSR 00-4p provides for circumstances in which the conflicts reasonably may be explained, including evidence from a VE that includes information not listed in the DOT. *Id.* However, when a conflict exists, the adjudicator must resolve this conflict before relying on the VE evidence to support a decision that the individual is or is not disabled. *Id.*

A VE was present and testified at plaintiff's November 16, 2009 hearing before the Law Judge. The VE testified that someone of plaintiff's age and education and with his work experience and RFC would be able to perform work as a material handler, general production worker, and inspector. (R. 86-88.) There is no question that plaintiff's counsel conducted a spirited cross examination of the VE, which even touched upon job requirements. However, the Law Judge addressed the issue in a manner which the undersigned finds complies with SSR 00-4p. *See Ratliffe v. Astrue*, No. 1:09CV00020, 2009 WL 5033926, at *4 (W.D.Va. December 21, 2009) (providing that 20 C.F.R. § 404.1566(d)-(e) allows a Law Judge to notice job information from a variety of reliable sources). Accordingly, the undersigned finds no error in this respect.

---

[5] Social Security Rulings are the Social Security Administration's interpretations of the Social Security Act. *Pass v. Chater*, 65 F.3d 1200, 1204 n. 3 (4th Cir.1995). "[T]hey are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Id.* (citing *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989)).

8

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _/s/_____
U.S. Magistrate Judge

8/16/2012
Date